UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____

KATHLEEN D. SALAZAR and her husband,
GABRIEL R. SALAZAR,

      Plaintiffs,

v.

THE FRIENDS OF LINDEN PLACE;
MORIN'S, INC. d/b/a RUSSELL MORIN
FINE CATERING and
RUSSELL MORIN HOSPITALITY
SOLUTIONS, LLC,

      Defendants.

_____

Civil Action No.: _____

JURY TRIAL DEMANDED

## **COMPLAINT**

Plaintiffs Kathleen D. Salazar ("Kathleen") and her husband Gabriel R. Salazar, by and through their undersigned attorneys, for their Complaint against Defendant The Friends of Linden Place, Defendant Morin's Inc. d/b/a Russell Morin Fine Catering and Defendant Russell Morin Hospitality Solutions, LLC, state as follows:

### INTRODUCTION

1. Kathleen and her husband were attending the wedding of their niece in Bristol, Rhode Island. It was a pretty evening with the promise of wonderful memories.

2. During the first forty-minutes of her attendance, although it was crowded, it was a great experience and Kathleen spoke to old friends and made new acquaintances.

3. However, while Kathleen was moving between two rooms of the wedding venue, she tripped on a raised threshold, fell forward and violently impacted the floor.

1

4.     Kathleen broke her jaw requiring multiple surgeries, injured her lumbar spine and has recently been fitted with metal orthodontic braces to try and remedy her jaw alignment – since the incident, she's not been able to eat properly, suffers weight loss including the loss of muscle mass and requires medication to sleep because of back pain.

5.     It's almost a year since the incident and the profound effects of the harm Defendants caused Kathleen have changed her life.

6.     Defendants could've easily prevented this incident and their recklessness in failing to do so despite Kathleen's belief that there's a history of similar such incidents is reason why Kathleen is seeking punitive damages in addition to compensatory damages.

## PARTIES, JURISDICTION AND VENUE

7.     Plaintiff Kathleen is, and at all times relevant hereto was, a resident of the State of Texas, County of Travis.

8.     Plaintiff Gabriel R. Salazar is and was Kathleen's husband, and at all times relevant hereto is and was, a resident of the State of Texas, County of Travis.

9.     Defendant The Friends of Linden Place is a non-profit entity organized and existing under the laws of the State of Rhode Island.

10.    Defendant The Friends of Linden Place is also known as and does business as "Linden Place"; "Friends of Linden Place" and the "Linden Place Museum".

11.    Defendant The Friends of Linden Place ("Linden Place Facility") maintains its principal place of business at 500 Hope Street, Bristol, Rhode Island.

12.    At all times material hereto, Linden Place Facility owns, leases, operates, maintains, manages, controls and/or otherwise possesses the premises located at 500

Hope Street, Bristol, RI where the incident described herein occurred.

13. Defendant Morin's, Inc. is a business entity organized and existing under the laws of the State of Massachusetts.

14. Defendant Morin's, Inc. maintains its principal place of business at 95 Mossberg Drive, Attleboro, MA.

15. At all times material hereto, Defendant Morin's, Inc. was and is in the business of restaurant and business catering.

16. At all times material hereto, Defendant Morin's, Inc. was registered to do business with the Rhode Island Secretary of State.

17. Defendant Morin's, Inc. does business as "Russell Morin Fine Catering."

18. Defendant Russell Morin Hospitality Solutions, LLC ("Russell Morin Company") is a business entity organized and existing under the laws of the State of Massachusetts.

19. Defendant Russell Morin Company maintains its principal place of business at 95 Mossberg Drive, Attleboro, MA.

20. Upon information and belief, at all times material herein, Russell Morin Company's members were citizens of the Commonwealth of Massachusetts and/or citizens of a state other than the State of Texas.

21. Upon information and belief, Defendant Russell Morin Company does business as "Russell Morin Fine Catering."

22. Upon information and belief, Defendant Russell Morin Company does business as "Russell Morin Catering & Events."

23. At all times material hereto, Defendant Linden Place Facility identified "Russell Morin Fine Catering" on its "Preferred Vendor List" under the subheading

"Approved Caterers (You must choose your caterer from the list below)".

24. At all times material hereto, Defendant Russell Morin Company was and is in the business of restaurant and business catering.

25. Upon information and belief, at all times material hereto, Defendants entered into contracts with entities and/or persons in Rhode Island for the purpose of advancing their business interests.

26. Upon information and belief, at all times material hereto, Defendants specifically aimed their activities at Rhode Island.

27. Upon information and belief, at all times material hereto, Defendants were and are engaged in business in Rhode Island sufficient to make the exercise of personal jurisdiction just and fair.

28. This Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332, *et seq.* because none of the Defendants share state citizenship with Plaintiffs and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

29. Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Rhode Island.

30. At all times material hereto, Defendants' directors, officers, members, operators, administrators, employees, agents and staff were employed by and/or acting on behalf of Defendants.

## FACTUAL ALLEGATIONS

31. On October 3, 2021, Kathleen and her husband were lawful visitors at the Linden Place Facility located at 500 Hope Street, Bristol, RI (hereinafter "Premises") for the purpose of a wedding and wedding reception.

32. At all times material hereto, Defendant Linden Place Facility owned the Premises including that location on the Premises at which Kathleen was injured.

33. At all times material hereto and upon information and belief, Defendants Russell Morin Company and/or Morin, Inc. planned, catered, managed and/or were otherwise involved in the wedding and wedding reception.

34. After about a half hour of mingling, Kathleen moved into a room Defendants had staged for food ("buffet room") where she prepared a small plate.

35. Carrying the small plate and a plastic cup of wine, she walked toward the open door of an exit from the buffet room to a larger room where people were gathered and wedding speeches were being given.

36. As Kathleen came to the buffet room exit, her foot contacted a raised obstruction that runs on the floor across the width of the exit from the buffet room such that she fell forward violently hitting the floor with her chin, chest and torso.

37. Kathleen's teeth were broken and guests were picking up pieces of her teeth from the floor.

38. Kathleen could not close her mouth normally and believed immediately she'd broken her jaw in the fall.

39. Kathleen required immediate medical care in excess of First Aid and an ambulance was called and she was taken to the hospital.

40. At all times material hereto, Kathleen was lawfully on the Premises and was unable to foresee or prevent the impending injury.

41. At all times material hereto, Kathleen exercised due care with a cautious regard for her own safety and well-being.

42. At all times material hereto, Defendants owed a duty to Kathleen to keep

the Premises in a safe condition by, among other things, providing a warning regarding dangerous conditions like the obstruction or preventing and/or curing and/or removing dangerous conditions.

43. At all times material hereto, Defendants knew of or should have known of the unsafe conditions described herein and/or these unsafe conditions existed for a long enough time such that Defendants should've taken steps to correct the conditions.

44. At all times material hereto, the persons involved in the Defendants' businesses as described herein, acted as agents, servants, employees, special employees, alter egos, successors in interest, partners, joint venturers, lessees and/or licensees of Defendants.

45. In committing the alleged acts and omissions, the persons involved in the Defendants' businesses were acting within the course and scope of their authority as agents, servants, officers, members, employees, special employees, alter egos, successors in interest, partners, joint venturers, lessees and/or licensees of Defendants.

## CAUSES OF ACTION

### COUNT ONE

(*Negligence – All Defendants*)

46. Plaintiffs reallege and reincorporate each and every allegation above as if fully set forth herein.

47. At all times material hereto, Defendants knew of or reasonably should have expected the presence of Kathleen and her husband on the Premises.

48. At all times material hereto, Defendants owed a duty to Kathleen to

exercise reasonable care for her safety while she was on the Premises and while she was interacting with the catering services.

49. Defendants breached their duty of care because they negligently and recklessly owned, leased, rented, occupied, possessed, designed, constructed, developed, operated, inspected, repaired, maintained, modified, managed, controlled, supervised and/or used the Premises causing Kathleen to fall over a doorway obstruction thereby directly causing her injuries and damages as described herein.

50. Among other things, the doorway obstruction was not necessary and the obstruction could've been removed and/or could've been minimized; the lighting was poor and the obstruction was hard to see; the contrast between the flooring and the obstruction made the obstruction hard to see; Defendants failed to give or gave improper and/or insufficient warnings of the existence of the obstruction; Defendants failed to utilize any exciter-type markings on the doorway obstruction; Defendants encouraged the guests (including Kathleen) to interact with a hazard in a setting full of distractions; Defendants' actions and/or inactions exacerbated a hazardous condition and Defendants failed to properly manage the flow of guests at the Premises all of which caused or contributed to the cause of the Incident.

51. As a direct result of Defendants' negligence and recklessness, Kathleen was hurt and injured in her health, strength and activity, sustaining injuries to her body and shock and injury to her nervous system and person, all of which said injuries have caused and continue to cause her great physical, mental and nervous pain and suffering.

52. Kathleen's injuries have resulted or will result in some permanent disability to her in an amount which will be stated according to proof at the time of trial.

53. As a further direct result of Defendants' negligence and recklessness, Kathleen was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital medical, professional and incidental expenses; and upon information and belief Kathleen understands that by reason of her injuries she will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of such expenses will be stated according to proof at the time of trial.

54. As a further direct result of Defendants' negligence and recklessness as alleged herein, Kathleen has incurred, and will incur, loss of income, wages and other pecuniary losses, the exact amount of such expenses will be stated according to proof at the time of trial.

## COUNT TWO

(*Premises Liability – Linden Place Facility*)

55. Plaintiffs reallege and reincorporate each and every allegation above as if fully set forth herein.

56. At all times material hereto, Defendant Linden Place Facility knew of or reasonably should have expected the presence of Kathleen and her husband on the Premises.

57. Defendant Linden Place Facility owed a duty of reasonable care to Kathleen as a guest and invitee on the Premises to keep and maintain the Premises in a safe condition.

58. In addition, Defendant Linden Place Facility owed a duty to Kathleen to protect her against the risks of a dangerous condition on the Premises.

59. At all times material hereto, Defendants permitted, created and/or

exacerbated a dangerous condition on the Premises consisting of a doorway obstruction which caused Kathleen to fall resulting in her injuries.

60. Defendants failed to give proper or gave improper and/or insufficient warnings of the existence of the dangerous condition that existed at the Premises to Kathleen.

61. Defendants knew, or in the exercise of reasonable care should have known that a dangerous condition existed on the Premises.

62. Defendants failed to take or took inadequate precautions to make the Premises reasonably safe so as to prevent injuries to persons lawfully on the Premises, including Plaintiff Kathleen.

63. As a direct result of Defendants' actions and/or inactions, Kathleen was hurt and injured in her health, strength and activity, sustaining injuries to her body and shock and injury to her nervous system and person, all of which said injuries have caused and continue to cause the Kathleen great physical, mental and nervous pain and suffering.

64. Kathleen's injuries have resulted or will result in some permanent disability to her in an amount which will be stated according to proof at the time of trial.

65. As a direct result of Defendant's actions and/or inactions, Kathleen was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital medical, professional and incidental expenses; and upon information and belief Kathleen understands that by reason of her injuries she will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of such expenses will be stated according to proof at the time of trial.

66. As a further proximate result of Defendants' actions and/or inactions as alleged herein, Kathleen has incurred, and will incur, loss of income, wages and other pecuniary losses, the exact amount of such expenses will be stated according to proof at the time of trial.

## COUNT THREE

(*Negligence per Restatement (Second) of Torts § 318 (1965) – Linden Place Facility*)

67. Plaintiffs reallege and reincorporate each and every allegation above as if fully set forth herein.

68. Upon information and belief, Linden Place Facility owned the Premises including the location where Kathleen was injured.

69. Linden Place Facility owed a duty to exercise reasonable care to control the conduct of third parties on its Premises.

70. Upon information and belief, and at all times material hereto Linden Place Facility was present at the Premises as that term is understood by the Restatement (Second) of Torts § 318 (1965).

71. Upon information and belief and at all times material hereto, the relationship between Linden Place Facility and Defendants Russell Morin Company and/or Morin, Inc. was such that it is reasonable to infer the Linden Place Facility could control the actions and/or inactions of Defendants Russell Morin Company and/or Morin, Inc.

72. In addition or the alternative, upon information and belief, Linden Place Facility had actual control over the actions and/or inactions of Defendants Russell Morin Company and/or Morin, Inc.

73. Upon information and belief, at all times material hereto Linden Place

Facility had knowledge of the dangerous condition created and/or the conduct of Defendants Russell Morin Company and/or Morin, Inc. which created an unreasonable risk of bodily harm and had the ability to control that condition and/or conduct but failed to do so.

74. Linden Place Facility breached its duty as described in this Count by failing to take measures or failing to take adequate measures to control Defendants Russell Morin Company and/or Morin, Inc. so as to protect Kathleen from injury.

75. As a direct result of Defendant Linden Place Facility's actions and/or inactions, Kathleen was hurt and injured in her health, strength and activity, sustaining injuries to her body and shock and injury to her nervous system and person, all of which said injuries have caused and continue to cause Kathleen great physical, mental and nervous pain and suffering.

76. Kathleen's injuries have resulted or will result in some permanent disability to her in an amount which will be stated according to proof at the time of trial.

77. As a direct result of Defendant's actions and/or inactions, Kathleen was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital medical, professional and incidental expenses; and upon information and belief Kathleen understands that by reason of her injuries she will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of such expenses will be stated according to proof at the time of trial.

78. As a further proximate result of Defendants' actions and/or inactions as alleged herein, Kathleen has incurred, and will incur, loss of income, wages and other pecuniary losses, the exact amount of such expenses will be stated according to proof

at the time of trial.

## COUNT FOUR

### (*Loss of Consortium*)

79.     Plaintiffs reallege and reincorporate each and every allegation above as if fully set forth herein.

80.     Solely as a result of the aforementioned alleged negligence and recklessness of Defendants, Plaintiff Gabriel R. Salazar has been deprived of the care, comfort and companionship of his wife Kathleen and may be so deprived for an indefinite period of time into the future.

81.     Plaintiff Gabriel R. Salazar is entitled to recover from Defendants for the loss of consortium of his injured wife by reason of the Defendants' tortious conduct, pursuant to R.I. Gen. L. Sec. 9-1-41(a), *et. seq.*

## COUNT FIVE

### (Punitive Damages – All Defendants)

82.     Plaintiffs reallege and reincorporate each and every allegation above as if fully set forth herein.

83.     Defendants offer services to the public.

84.     Upon information and belief, Defendants failed to conform to industry standards in allowing guests such as Kathleen to attempt to cross over a doorway obstruction that was, among other things, poorly lit, hidden in the color tones, not marked, subject to being overlooked by the distraction of the circumstances and which was a hazard.

85.     Upon information and belief, Defendants encouraged the guests including Kathleen to meet and interact with a doorway obstruction that was, among

other things, poorly lit, hidden in the color tones, not marked, subject to being overlooked by the distraction of the circumstances and which was a hazard.

86. Upon information and belief, Defendants were aware of guests of prior events at the Linden Place Facility tripping and/or falling because of the doorway obstruction hazard described herein, but they took no measures to mitigate or prevent such incidents or what measures they took were inadequate.

87. Among other things and upon information and belief, Defendants' failure to inspect and analyze their business operations; failure to implement the necessary safety precautions to protect guests including Kathleen and their encouraging guests to use a doorway containing a threshold obstruction shows a reckless and callous disregard for the safety of others.

88. Plaintiffs are entitled to recover punitive damages against Defendants for their reckless and callous disregard which is the only way to force Defendants to develop the necessary safety measures and adopt a culture of reasonable concern and care for the guests they are hosting.

89. Plaintiffs seek punitive damages in an amount sufficient to deter future conduct as may be determined by the jury.

90. As successful entities who appear to derive their income from the hosting and catering of large scale events where many guests are expected to appear, Defendants will only feel the financial pain of their actions (or inactions) if forced to pay a significantly large punitive damages sum.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Kathleen D. Salazar and Gabriel R. Salazar do hereby seek that judgment be entered in their favor and against Defendants The Friends of

Linden Place, Defendant Morin's Inc. d/b/a Russell Morin Fine Catering and Defendant Russell Morin Hospitality Solutions, LLC, jointly and severally, as follows:

    a.    For medical expenses (past and future), lost wages (past and future), pain and suffering, future impairment, loss of enjoyment of life and all other allowable damages as may be recovered by Kathleen D. Salazar in an amount to be determined at trial and as is allowed by applicable law;

    b.    For loss of consortium and all other such allowable damages as may be recovered by Gabriel R. Salazar in an amount to be determined at trial and as is allowed by applicable law;

    c.    For exemplar damages and all other such allowable damages in an amount to be determined at trial and as is allowed by applicable law

    d.    For interest, costs and fees incurred in this civil action and as may be allowed by the applicable law, and

    e.    For such other, further and/or different relief at law or in equity that this Court may deem just and proper.

                                    FULWEILER llc

                          By:    /s/ John K. Fulweiler

                                John K. Fulweiler, Esq. (RI-7876)
                                W.B. Franklin Bakery Building
                                40 Mary Street
                                Newport, RI 02840
                                (401) 667-0977 -- Telephone
                                (401) 656-2501 – Facsimile
                                john@saltwaterlaw.com
                                www.saltwaterlaw.com
                                *Attorneys for Plaintiffs*

-- Of Counsel –

KARNS & KERRISON
Attn.  Jude E. Kerrison, Esq.